UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donna Chastain, | ) | Civil Action No.: 4:18-cv-02875-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Thomas E. Rogers.[1] Plaintiff, Donna Chastain, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying her claim for Supplemental Security Income (SSI). The Magistrate Judge recommended affirming the Commissioner's decision denying Plaintiff's claim for benefits.

### FACTUAL FINDINGS AND PROCEDURAL HISTORY

Plaintiff applied for SSI on December 8, 2014, alleging disability as of December 9, 2013. Plaintiff's claims were denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). A hearing was held before the ALJ on April 14, 2017. Plaintiff, represented by an attorney, appeared and testified. A vocational expert also testified. The ALJ issued a decision on August 15, 2017, finding that Plaintiff was not disabled. The ALJ's findings are as follows:

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

1.  The claimant has not engaged in substantial gainful activity since December 8, 2014, the application date (20 C.F.R. 416.971 *et seq.*).

2.  The claimant has the following severe impairments: post-traumatic stress disorder (PTSD); panic disorder; depression;; anxiety; congestive heart failure; ventricular tachycardia; obesity (20 C.F.R. 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925, and 416.926).

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift 10 pounds occasionally and 10 pounds frequently; stand and walk two out of eight hours and sit six out of eight hours; occasionally climb ropes, ladders, scaffolds, and balance; frequently climb ramps and stairs; frequently stoop, kneel, crouch, and crawl; avoid concentrated exposure to extreme cold; avoid moderate exposure to hazards; the claimant can perform unskilled work (SVP 1and 2) on a sustained basis, 8 hours a day, 5 days a week, in 2-hour increments with normal breaks; she requires a low stress work environment, defined as non-production work, specifically, no fast-paced work like an assembly line where one has to produce a product in a high-speed manner, in addition to accommodate stress, there should be no public contact and only occasional contact with coworkers.

5.  The claimant is unable to perform any past relevant work (20 C.F.R. 416.965).

6.  The claimant was born on June 27, 1974 and was 40 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 C.F.R. 416.963).

7.    The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 416.964).

8.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

9.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 416.969 and 416.969(a)).

10.   The claimant has not been under a disability, as defined in the Social Security Act, since December 8, 2014, the date the application was filed (20 C.F.R. 416.920(g)).

[ALJ Decision, ECF #9-2, at 22-32].

The ALJ's finding became the final decision of the Commission when the Appeals Council denied Plaintiff's request for further review on September 20, 2018.  Plaintiff filed this action on October 24, 2018, seeking judicial review of the Commissioner's decision. [Compl., ECF #1].  Both Plaintiff and the Commissioner filed briefs, [ECF ##14, 16, 17].  The Magistrate Judge issued his Report and Recommendation ("R&R") on January 7, 2020, recommending that the Commissioner's decision be affirmed. [R&R, ECF #20].  Plaintiff filed timely objections to the R&R on January 21, 2020. [Plaintiff's Objections, ECF #22].  The Commissioner filed a response to Plaintiff's objections on February 4, 2020. [Defendant's Response to Plaintiff's Objections, ECF #26].

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the sought-after benefits hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. Preston v. Heckler, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. 20 C.F.R. §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. 20 C.F.R. §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors.

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether she has a severe impairment; (3) whether that impairment meets or equals an impairment included in the

Listings;[2] (4) whether such impairment prevents claimant from performing past relevant work;[3] and (5) whether the impairment prevents her from doing substantial gainful activity. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if she can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing her inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). Once an individual has made a prima facie showing of disability by establishing the inability to return to past relevant work, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a vocational expert demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to past relevant work. *Walls v.*

---

[2]     The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, she will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that her impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish her impairment is disabling at Step 3).

[3]     In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

*Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that she is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

## ANALYSIS

Plaintiff raises two issues in this Social Security appeal. First, Plaintiff argues the ALJ improperly rejected the opinion of her treating cardiologist, Dr. Berry, when the ALJ gave limited weight to Dr. Berry's opinion that Plaintiff could not perform sedentary, low stress work. *See* Tr. 27; 996-999; 1372. Second, Plaintiff argues the case should be remanded based on new evidence that was rejected by the Appeals Council. The new evidence was a questionnaire completed by Dr. Berry on November 15, 2017. *See* Tr. 9.

In his Report and Recommendation, the Magistrate Judge found the ALJ's decision to give limited weight to Dr. Berry's opinions was supported by substantial evidence. This Court respectfully disagrees.

Treating physicians' opinions are generally given more weight "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F. R. §416.927(c)(2). "When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight than we would give it if it were from a nontreating source." *Id*. § 416.927(c)(2)(i). Accordingly, the ALJ is

required to give "controlling weight" to opinions proffered by a claimant's treating physicians so long as the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" *Id*. § 416.927(c)(2). *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017).

Additionally, "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017). In *Brown v. Commissioner*, the Fourth Circuit criticized the ALJ for relying on "cherry-picked evidence," which was "skewed" to contradict the claimant's treating physicians' opinions. 873 F.3d 251, 267-68 (4th Cir. 2017). The court in *Brown* also noted that the ALJ emphasized portions of a doctor's statement or assessment while failing to acknowledge the remaining pieces of evidence that did not support his conclusion or his own judgments. *See id*. at 265.

In this case, the ALJ's decision to give Dr. Berry's opinions limited weight is not supported by substantial evidence. In his discussion rejecting Dr. Berry's opinions, the ALJ failed to acknowledge Plaintiff's multiple abnormal echocardiograms, which showed left ventricular ejection fraction rates of 25% to 35%. Dr. Berry relied on these abnormal echocardiograms as one of the bases for his opinions, *see* Tr. 996, yet, the ALJ did not attempt to reconcile these abnormal echocardiogram results with the record or his decision to give Dr. Berry's opinions limited weight. Because the ALJ ignored important objective medical tests that supported Dr. Berry's opinions, and "cherry-picked" evidence that was skewed to contradict Dr. Berry's opinions, the Court cannot

conclude the ALJ's decision is supported by substantial evidence. Accordingly, this case should be remanded to the Commissioner for further proceedings.[4]

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, Defendant's reply to the objections, and applicable law. For the foregoing reasons, the Court hereby respectfully rejects the Magistrate Judge's Report and Recommendation. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED**.

February 28, 2020                                    s/ R. Bryan Harwell
Florence, South Carolina                        R. Bryan Harwell
                                                            United States District Judge

---

[4]         Because the Court is remanding the case based on the ALJ's failure to properly assess Dr. Berry's medical opinion, the Court need not reach Plaintiff's second issue regarding the new evidence submitted to the Appeals Council. However, on remand, the ALJ should consider the entire record, including Dr. Berry's November 15, 2017 opinion. *See* 20 C.F.R. § 416.1483.